IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DESMOND WEAVER                                                      PETITIONER

v.                            Case No. 1:18-cv-01048

WENDY KELLY, Director,                                       RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Desmond Weaver ("Weaver"), an inmate confined in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, Malvern, Arkansas, filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on July 24, 2018. ECF No. 1. The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Director Wendy Kelly ("Respondent"), filed a Response on November 27, 2018 arguing the Petition should be dismissed. ECF No. 8. For the reasons set forth below, the Court recommends the Petition be dismissed.

### I. BACKGROUND

On the evening of May 19, 2017, a dispute at Weaver's house in Magnolia ended when he fired a gun several times into an SUV with four people in it. ECF No. 8-3, pp. 6-7. One of the shots hit LaTaqua Cooper, who was severely injured and underwent surgery for her injuries. *Id.* at 7. On June 29, 2017, the State charged Weaver in Columbia County Circuit Court case CR-17-126, with four counts of attempted murder, one count of first-degree battery, and one count of being a felon in possession of a firearm. *Id.* at pp. 1-3. The State also indicated Weaver was a habitual offender subject to enhanced sentencing under Ark. Code Ann. § 5-4-501 (a) because he

had at least two and as many as four previous felony convictions. *Id.* at p. 3. Weaver also had an older conviction for first-degree battery, but for reasons that are not apparent from the record, that conviction was invoked in the state proceedings at issue in this case.

On September 7, 2017, Weaver entered an unconditional guilty plea in Columbia County Circuit Court. ECF No. 8-3, pp. 21-22. In exchange for his plea, the State agreed to *nolle prosse* the attempted murder counts and recommend a total sentence of 20 years followed by 20 years suspended imposition of sentence on the other two counts. *Id.* at pp. 21-22. Weaver also signed a guilty plea statement in which he acknowledged his plea waived his right to a jury trial, confrontation, and direct appeal, and collateral consequences would result from his plea. *Id.* at pp. 19-20. Weaver also declared he understood the nature of the proceedings against him and was not under the influence of any mind-altering substances. *Id.* He indicated he was satisfied with his attorney's work on his behalf and stated:

> I understand that neither my attorney nor the Court can say how much time I will serve on my sentence before being released. I state that I am not relying on any discussion or conjecture about potential parole eligibility in my decision to enter a plea of guilty[.]   __DW__   [Weaver's initials]

ECF No. 8-3, p. 20.

In his plea colloquy before Columbia County Circuit Judge David Talley, Weaver acknowledged he had signed the guilty plea statement and affirmed he understood everything in it. ECF No. 8-4, at p. 4. He confirmed he was not under the influence and his plea was not the result of threats or abuse. *Id.* At the change of plea hearing, the State provided a factual basis for the pleas of guilty – namely, that Weaver "fired into a vehicle with a firearm, that struck LaTaqua Cooper causing serious physical injury to her[,]" and further, Weaver had previous felony

convictions for commercial burglary and domestic battery. *Id.* at pp. 5-6. Weaver confirmed the accuracy of the State's factual basis on the record. *Id.* at 6.

The Court then accepted the plea and sentenced Weaver to consecutive two 10-year sentences followed by 20 years suspended imposition of sentence on each count. ECF No. 8-4 at p. 6. The Court asked Weaver if he had any questions. Weaver then asked why the sentence was 20 years. The court replied that the plea agreement Weaver had signed "recommended a twenty-year sentence, so I gave you ten years on each count, so I had to run them consecutively to say ten plus ten equal to twenty [years.]" *Id.* at pp. 6-8. A sentencing order reflecting Weaver's conviction and sentence was filed of record on September 15, 2017. ECF No. 8-3, p. 26.

Weaver entered the ADC on September 19, 2017. ECF No. 8-5, p. 10. The ADC determined Weaver was ineligible for parole as to his 2017 first-degree battery conviction because he had a previous conviction for a violent felony – first-degree battery. *Id.* at p. 4 (noting Weaver "is under Act 1805 due to a previous conviction of Battery I on docket #2008-179 and current conviction of Battery I (120 Months)," and consequently he "must serve 100% and earn no good time."); *see also* ECF No. 8-6 (judgment and commitment order for Weaver's July 2, 2009, conviction in Columbia County state circuit court No. CR 2008-179, for first- degree battery).

On March 5, 2018, Weaver filed a *pro se* petition for declaratory judgment in the state circuit court challenging the ADC's parole eligibility determination. ECF No. 8-3, pp. 35-51. Weaver argued the determination violated "fundamental fairness" because the Legislature's designation of first-degree battery as a violent felony was invalid and Act 1805 was invalid for lack of notice. *Id.* However, the petition for declaratory judgment did not challenge the validity of Weaver's plea or claim that his plea counsel was ineffective. On April 25, 2018, the state circuit

3

court issued a summary denial of Weaver's petition. *Id.* at p. 58. Weaver did not appeal this ruling.[1]

## II. THE INSTANT PETITION

Petitioner is in Respondent's custody serving concurrent sentences totaling two-hundred forty (240) months for first-degree battery and being a felon in possession of a firearm. Weaver makes one claim in the Petition, ineffective assistance of trial counsel. He specifically alleges:

> I was not informed during the plea negotiations of how much time I would have to serve on my sentence…On Sept. 7, 2017, Petitioner plead guilty to 1st degree battery and possession of a fire arm by a certain person, and was sentenced to 240 months on each running consecutively. In a letter from my defense attorney Mr. Andrew W. Best, dated Jan. 17, 2018, he apologized for not making it clear to me that I would have to serve 100% of the sentence that I plea bargained for.

ECF No. 1 at 4. Respondent argues the Petition should be dismissed because Plaintiff's claim for ineffective assistance of counsel in connection with his plea of guilty is procedurally defaulted and alternatively meritless. ECF No. 8 at 1.

## III. DISCUSSION

Respondent concedes Weaver's Petition is timely and there are no state-court remedies presently available to him. ECF No. 8 at 6. Therefore, the only issue before the Court is whether the Petition states a cognizable claim for *habeas corpus* relief. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can

---

[1] Weaver does not contest the ADC's parole-eligibility determination in the instant *habeas* petition. However, the Court notes the determination was correct. Act 1805 of 2001, codified at Ark. Code Ann. § 5-4-501 (Repl. 2017), provides that an inmate who is convicted of a violent felony, as defined in Ark. Code Ann. § 5-4-501(d)(2), "shall not be eligible for release on parole" as to that sentence. Ark. Code Ann. § 16-93-610 (Repl. 2016) (codifying Act. 1805 of 2001). Section 5-4-501(d)(2) defines first-degree battery as a crime of violence. Ark. Code Ann. § 5-4-501(d)(2)(A)(vi) (Supp. 2017).

be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).

### A. Weaver's claim is procedurally defaulted.

A federal *habeas* petitioner must show he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal *habeas* statute. 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A procedurally defaulted claim rests upon an adequate and independent state ground and cannot be reviewed in federal *habeas*. *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

Under Arkansas law, the only way to challenge the validity of a guilty plea by alleging ineffective assistance of counsel in connection with the plea is through a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. *See* Ark. R. App. P. – Crim. 1(a) (2017) (providing there is no right to direct appeal from an unconditional guilty plea); *see also, e.g., Mancia v. State*, 2015 Ark. 115, at 11, 459 S.W.3d 259, 267 (2015) ("[O]n appeal from the denial of a Rule 37 following pleas of guilty there are only two issues for review – one, whether the plea of guilty was intelligently and voluntarily entered, [and] two, were the pleas made on the advice of competent counsel."). A Rule 37 petition must be filed within 90 days from the entry of judgment. Ark. R. Crim. P. 37.2(c)(i) (2017). The rule bars second or subsequent petitions. Ark. R. Crim. P. 37.2(b) (2017).

Here, the judgment reflecting Weaver's unconditional guilty plea was entered on September 15, 2017. ECF No. 8-3, p. 26. Weaver never filed a Rule 37 petition in the circuit court from which he could have taken an appeal and the time to do so has passed. Ark. R. Crim. P. 37.2(b), (c)(i) (2017). Therefore, absent any excuse, Weaver's claim is procedurally defaulted.

Procedural default may be excused if the petition alleges facts to demonstrate that: (1) there exists cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) failure to consider the claim will result in a fundamental miscarriage of justice, as in actual innocence. *See Coleman*, 501 U.S. at 750. "The cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal citations omitted).

"Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Id.* at 493-94. A petitioner's *pro se* status, lack of education, intelligence, or unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to the petitioner to constitute cause to excuse a procedural default. *E.g., Sheron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

Here, Weaver does not allege State officials interfered with him and caused the default of his claim or that the factual or legal basis for his claim was not reasonably available to him during the time in which he could have filed a Rule 37 petition. Instead, Weaver simply failed to file a Rule 37 petition in state court. His *pro se* status is not an objective factor establishing cause. *Sherron,* 69 F.3d at 289.

In addition, the framework set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012) does not apply. Under *Martinez*, a *habeas* petitioner may excuse the procedural default of a substantial claim of ineffective assistance of trial counsel by demonstrating he or she was without counsel in the so-called initial review collateral proceeding, or that post-conviction counsel was ineffective with respect to the petitioner's federal claim. *Martinez*, 566 U.S. at 17; *see also*, *e.g., Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013) (holding *Martinez* applies to Arkansas convictions). "The *Martinez* analysis is inapplicable," however, "where the criminal defendant did not initiate any state collateral review proceeding whatsoever." *Jones v. Pa. Bd. Of Prob. & Parole*, 492 Fed. Appx. 242, 246-47 (3rd Cir. 2012) (unpublished) (internal citations omitted), *cert. denied*, 568 U.S. 1167 (2013); *see also, e.g., Willis v. Kelley,* No. 5:16-cv-05101 PKH/MEF, 2017 WL 906979, at 4 (W.D. Ark. Feb. 17, 2017) (citing *Jones*), *Report and Recommendation adopted* 2017 WL 901899 (W.D. Ark. Mar. 7, 2017). Here, Weaver failed to initiate any state collateral review of his unconditional guilty plea.

    **B. Weaver's claim fails on the merits.**

Even if Weaver's claim was not procedurally defaulted, his claim fails on the merits. *See e.g., Nance v. Norris,* 392 F.3d 284, 291 (8th Cir. 2004) (holding that a *habeas* court may bypass a procedural issue and deny relief on the merits). Here, Weaver claims ineffective assistance of counsel at trial. The sole claim Weaver makes is that his trial counsel failed to properly inform him of "how much time I would have to serve on my sentence." In other words, he claims trial counsel should have told him he would have to serve 100% of the sentence imposed because of the application of Arkansas law to prior violent offenders.

7

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Further, while a defendant who pleads guilty may challenge the voluntariness of the plea based on ineffective assistance of counsel, the test for determining the validity of a guilty plea is whether the plea is "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Declarations made on the record at the time of a plea carry a heavy presumption of truth. *E.g., Blackledge v. Allison*, 431 U.S. 63 (1977). While the defendant's representations at the time of the plea are not "invariably insurmountable," such representations, together with any representations made by the trial judge at the time of making the plea, "constitute a formidable barrier" to a later collateral attack, and the defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* at 73-74. In addition, to show ineffective assistance of counsel in connection with a guilty plea, a petitioner must satisfy the test set forth in *Strickland* by demonstrating unreasonably deficient performance on the part of counsel and resulting prejudice. *See Hill*, 467 U.S. at 58.

Weaver's trial counsel's letter indicating he apologized for not making it clear Weaver would be required to serve 100% of the sentence imposed is woefully short of "below an objective standard of reasonable competence." At the change of plea hearing it was clear from the plea agreement, the trial judge's statements and the questioning of Weaver himself that he understood the sentence would be twenty (20) years. Further, his claim regarding trial counsel's "failure" to advise him of parole possibilities is belied by the written plea agreement itself. ECF No. 8-3. As noted above, Weaver affirmatively stated in the plea he was "not relying on any discussion or conjecture about potential parole eligibility in my decision to enter a plea of guilty or no contest." ECF No. 8.3, p. 20.

The state court record establishes Weaver's decision to plead guilty was a voluntary and intelligent choice among the alternatives available to him. The decision was voluntary because Weaver affirmed to the circuit court he had not been coerced in any way to make the plea, and he acknowledged his understanding of the charges and the agreement he had reached with the State including his agreed upon sentence. ECF No. 8-3, pp. 6-7. He even sought clarification from the circuit court on the consecutive running of two ten-year terms and indicated his understanding when the court explained its reasoning. *Id.* at p. 7.

The decision was also intelligent considering the fact Weaver faced the prospect of a trial on four counts of attempted murder, one count of first-degree battery, and one count of being a felon in possession of a firearm, all Class B felonies under Arkansas law. ECF No. 8-3, pp. 1-3. He also faced the possibility of being sentenced on each count as a habitual offender with between two and four prior felonies, resulting in a sentencing range of 6 to 50 years per count. *See* Ark.

Code Ann. § 5-4-501 (a)(1)(A)(ii), (2)(B) (Repl. 2016). In addition, he faced the possibility of consecutive sentences. *See* Ark. Code Ann. § 5-4-503(a) (Repl. 2016). Given the risk of a possible sentence of 300 years' imprisonment following a trial on all charges, Weaver's decision to plead guilty to two of the charges and agree to an aggregate 20-year sentence was intelligent.

Accordingly, Weaver's petition fails to establish his plea was not voluntary and intelligent. Further, he does not show either prong of a claim of ineffective assistance of counsel as required by *Strickland*. His claim should be denied on the merits.

### IV. CONCLUSION AND RECOMMENDATION

Weaver's *habeas* Petition based on claim of ineffective counsel is not only procedurally defaulted but also fail on the merits. Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice. **I further recommend no Certificate of Appealability issue in this matter.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **24th day of April 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE