IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DESMOND WEAVER                                                                        PETITIONER

v.                                        Civil No. 1:18-cv-1048

WENDY KELLY, Director,
   Arkansas Department of Correction                                         RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed April 24, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 9). Petitioner Desmond Weaver filed timely objections. (ECF No. 10). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On June 29, 2017, Petitioner was charged in Columbia County Circuit Court with four counts of attempted murder, one count of first-degree battery, and one count of being a felon in possession of a firearm. On September 7, 2017, Petitioner pleaded guilty to the counts of first-degree battery and felon in possession of a firearm and the State of Arkansas agreed to *nolle prosse* the four counts of attempted murder. The state court accepted Petitioner's guilty plea on the two charges and sentenced him to a ten-year sentence on each charge, running consecutively for a total of twenty years. Petitioner did not file a petition for post-conviction relief from his unconditional guilty plea under Arkansas Rule of Criminal Procedure 37.

Petitioner was incarcerated in the Arkansas Department of Correction ("ADC"), which subsequently determined he was ineligible for parole as to his first-degree battery conviction because he had a previous conviction for a violent felony. Thus, Petitioner was told that he must serve the entirety of his sentence.

On March 5, 2018, Petitioner filed a petition for declaratory judgment in state court, challenging the ADC's parole eligibility determination on the basis that it violated his due process rights. On April 25, 2018, the state circuit court denied that petition. Petitioner did not appeal this ruling.

On July 24, 2018, Petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (ECF No. 1). His *habeas* petition is based on the argument that he received ineffective assistance of counsel in connection with his guilty pleas because his attorney did not advise him that he would not be eligible for parole due to the application of Arkansas law to prior violent offenders.[1]

On April 24, 2019, Judge Bryant issued the instant Report and Recommendation. Judge Bryant recommends that the Court deny and dismiss with prejudice the petition for writ of *habeas corpus*. Specifically, Judge Bryant finds that the Petitioner's *habeas* claim of ineffective assistance of counsel is procedurally defaulted because he did not file a petition for post-conviction relief from his unconditional guilty plea under Arkansas Rule of Criminal Procedure 37. Judge Bryant alternatively finds that Petitioner's claim fails on the merits because he failed to satisfy either prong of the test for ineffective assistance of counsel established by *Strickland v. Washington*.[2] Judge Bryant noted further that Petitioner's claim is belied by his signed plea agreement and the plea colloquy he engaged in with the state circuit court, in which he affirmed that he understood that his total sentence would be twenty years and that he was not relying on any discussion or conjecture about potential parole eligibility in deciding to plead guilty. Finally, Judge Bryant recommends that no certificate of appealability issue in this matter. On May 14, 2018, Petitioner filed objections to the Report and Recommendation.

---

[1] Petitioner states that his attorney sent him a letter apologizing for not making clear that he would be ineligible for parole. However, Petitioner has not provided the Court with this alleged letter.

[2] 466 U.S. 668 (1984).

## II. DISCUSSION

Pursuant to 28 U.S.C. §646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections. The objections reiterate Petitioner's belief that he had a right to know that he would be ineligible for parole. The objections also appear to allege that the ADC improperly enhanced his sentence based on prior felony convictions. These objections are unresponsive to the findings made in Judge Bryant's Report and Recommendation.

To the extent that these objections are responsive and specific enough to trigger *de novo* review, and assuming *arguendo* that Petitioner's claims are not procedurally defaulted, the Court finds Judge Bryant's analysis to be dispositive of these arguments. "A defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." *United States v. Quiroga*, 544 F.3d 1150, 1155 (8th Cir. 2009). In this case, Petitioner's plea agreement indicated that the prosecution would recommend a twenty-year sentence (ECF No. 8-3, p. 22) and the state court informed Petitioner during the plea colloquy that he would be sentenced to a total of twenty years. (ECF No. 8-4, p. 6). Thus, Petitioner's signed plea agreement and the state court both indicated to Petitioner his maximum total sentence. Moreover, even assuming *arguendo* that Petitioner's attorney erroneously informed him of the possible maximum length of his sentence, the signed plea agreement—which Petitioner swore under oath that he had reviewed with his attorney and understood—represents that Petitioner understood that neither his attorney nor the court could say how much time he would serve on his sentence and that he was not relying on any discussion or conjecture about potential parole eligibility in pleading guilty. (ECF No. 8-3, p. 20). Thus, the Court is unpersuaded by Petitioner's first argument.

As for Petitioner's second argument that seemingly alleges that the ADC improperly enhanced his sentence, Judge Bryant correctly noted that, under Arkansas law, an inmate who is convicted of a violent felony offense after August 13, 2001, and who was previously found guilty of a violent felony offense, is not eligible for parole on his sentence. Ark. Code Ann. § 16-93-609(b)(1). Petitioner's

3

first-degree battery offense is considered a violent felony offense for purposes of this statute. Ark. Code Ann. § 5-4-501(d)(2)(A)(vi). Petitioner's current sentence is based, in part, on a first-degree battery offense and he was previously found guilty of a violent felony offense, a separate, unrelated first-degree battery felony charge in 2009. (ECF No. 8-6). Thus, pursuant to Arkansas law, he is ineligible for parole and the Court finds that his sentence was not improperly enhanced.

Therefore, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Petitioner did not object to Judge Bryant's finding that his *habeas* claim is procedurally defaulted, nor did he object to Judge Bryant's finding that the *habeas* claim fails on the merits because he has not satisfied the *Strickland* test to demonstrate ineffective assistance of counsel. Petitioner also does not object to Judge Bryant's recommendation that no certificate of appealability should issue in this case, and the Court finds that recommendation to be correct. *See Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (holding that no certificate of appealability shall issue after denial of a section 2254 petition "if the claim is clearly procedurally defaulted . . . [or] if there is no merit to the substantive constitutional claims"). Accordingly, the Court sees no reason to depart from Judge Bryant's findings.

### III. CONCLUSION

Upon *de novo* review of the Report and Recommendation and for the reasons discussed above, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation (ECF No. 9) *in toto*. Accordingly, Petitioner's petition for writ of *habeas corpus* is hereby **DENIED**. This case is **DISMISSED WITH PREJUDICE**. No certificate of appealability shall issue.

**IT IS SO ORDERED**, this 15th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge